IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RODOLFO D. ESPINOZA, )
)
Plaintiff, )
)
v. ) No. 04 C 7749
) Paul E. Plunkett, Senior Judge
IMMACULATE CONCEPTION )
HIGH SCHOOL, ROMAN CATHOLIC )
DIOCESE OF JOLIET, )
)
Defendants. )
)

## MEMORANDUM OPINION AND ORDER

Rodolfo D. Espinoza ("Plaintiff") has filed a complaint against Immaculate Conception High School ("ICHS"), Catholic Archdiocese of Joliet ("Archdiocese"), ("Defendant") and Brian Andrewsyk[1] alleging violations of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981(a), 28 U.S.C. § 1343(a), and 28 U.S.C. § 1658. Defendant has moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim. Defendant alternatively requests this Court to grant its motion for summary judgment. For the following reasons, Defendant's Rule 12(b)(6) motion is granted. Defendant's motion for summary judgment is dismissed as moot.

---

[1]Defendant moved to dismiss defendant Brian Andrusyk, incorrectly sued as Brian Andrewsyk, as a party defendant. On May 5, 2005, Brian Andrusyk was dismissed with prejudice as a party defendant.

## Facts

Plaintiff has alleged that he was employed with ICHS as a part-time library media technical services assistant from September 24, 2001 until January 23, 2002. (Pl.'s Comp. ¶¶ 7,8.) Plaintiff was supervised by Brian Andrusyk. (*Id.*¶ 10.) From October 23, 2001 through December 20, 2001, Andrusyk sexually harassed Plaintiff by making inappropriate and unwelcomed gestures, noises and correspondence, as well as demanding sexual favors. (*Id.* ¶¶ 12, 13, 14, 16, 17, 20, 21, 22, 23, 24.) Plaintiff told his supervisor that his actions were inappropriate and asked him to stop his behavior. (*Id.* ¶ 15.) After the harassment persisted, Plaintiff wrote a confidential memorandum to the principal regarding the harassment and requested a meeting to resolve the matter. (*Id.* ¶ 18.) Plaintiff did not receive a response to the memo and after the harassment continued, Plaintiff again requested a meeting with the principal and parish director. (*Id.* ¶¶ 19, 25.) This time his request for a meeting was acknowledged, but the meeting was denied. Plaintiff then filed a complaint with the Archdiocese, but he received no response. (*Id.* ¶¶ 25, 26, 27.) Espinoza again informed Andrusyk that he was not comfortable with his behavior and that it interfered with his work. (*Id.* ¶ 28.) Andrusyk responded with more sexually harassing statements. (*Id.* ¶¶ 29, 30.) Andrusyk then "retaliated" by informing Plaintiff that his job performance and unsatisfactory attendance may place his job in jeopardy. (*Id.* ¶¶ 27, 31.) Espinoza claims his work was satisfactory and that he was absent because of poor health, brought on in part by the hostile work environment. (*Id.* ¶¶ 35, 36.) On January 17, 2002, a conference was held between Espinoza, Andrusyk, and the principal to discuss Espinoza's job performance and attendance, Plaintiff was told that if he did not resign he would be terminated. (*Id.* ¶ 32.) (*Id.*) Five days later, Plaintiff told his supervisor he would not resign, and he was terminated. (*Id.* ¶ 33.) Plaintiff asked the principal about his harassment claims

and she said the investigation revealed no discrimination. (*Id.* ¶ 34.) Espinoza states that ICHS and the Archdiocese thus "condoned" Andrusyk's actions by never taking remedial measures to resolve the situation. (Id. ¶ 37.)

## Legal Standard

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Furthermore, any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader. *Id.*

## Discussion

Defendants argue that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because Plaintiff has not satisfied all conditions precedent to the filing of the instant action. Namely, Plaintiff has failed to comply with the statutory filing requirements by properly filing a claim with either the Illinois Department of Human Rights ("IDHR") or the Equal employment Opportunity Commission ("EEOC").

It is an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of that person's gender. 42 U.S.C. § 2000e-2(a)(1). In Illinois, under Title VII, a plaintiff must file an employment discrimination charge with the EEOC within 180 days "after the alleged unlawful

employment practice occurred." § 2000e-5(e)(1). However, an extension of that time period is provided if an employee alleging discrimination first properly files with a state or local agency. *Id.* (noting that the filing time is 180 days unless the individual has filed with a state agency, extending the filing time to 300 days from the date of injury); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (discussing the statutory time period within which a plaintiff must file a charge with the EEOC and stating that to receive the extension the state claim must be timely filed). If a charge is not timely filed with the state agency, the extended filing period is not triggered. *Davis v. Fiber Bond Corp.*, No. 78 C 59, 1980 U.S. Dist. LEXIS 10337, * 4 (N.D. Ill. Feb. 14, 1980); *Despot v. Combined Ins. Co.*, No. 03 C 7130, 2004 U.S. Dist. LEXIS 8368, *3, (N.D. Ill. May 18, 2004) (stating that a prerequisite to filing a Title VII claim is a proper filing with the IDHR). A claim must be filed with a state agency, such as the IDHR, "[w]ithin 180 days after the date that a civil rights violation allegedly has been committed." 775 ILCS 5/7A-102(A) (2005). A properly filed "charge [must be] in writing under oath or affirmation [and] filed with the Department by an aggrieved party or issued by the Department itself under the signature of the Director. *Id.*; *O'Young v. Hobart Corp.*, 579 F. Supp. 418, 420-21 (N.D. Ill. 1983) (stating that where a plaintiff did not file a charge with IDHR within the 180 day state filing period provided by this section, he was not entitled to the 300 day filing period with the EEOC). This time period begins to run on the date that the employee discovers the injury. *Sellars v. Perry*, 80 F.3d 243, 245-46 (7th Cir. 1996). Failure to comply with these statutory time periods will render a claim untimely. *Sharp v. United Airlines*, 236 F.3d 368, 372 (7th Cir. 2001).

Normally, under Title VII, a plaintiff may not file with the EEOC unless he has first filed with the state and either 60 days elapsed or the state terminated its interest in the charge. *Marlowe*

*v. Bottarelli*, 938 F.2d 807, 809 (citing 42 U.S.C. § 2000e-5(c)). However, the EEOC and the IDHR have a worksharing agreement that was implemented with the intent "to minimize duplication of effort in the handling of deferred charges . . . and to achieve maximum consistency of purpose and results." *Sofferin v. American Airlines, Inc.*, 923 F.2d 552, 554 (7th Cir. 1991) (quoting *Commercial Office Prods.*, 486 U.S. 107, 112 (May 16, 1988). Essentially, the agreement provides for direct filing with the EEOC, allowing a party to bypass the initial filing with the IDHR so the EEOC may take immediate action. *Id.* In Illinois, the dual filing system allows for filing a Title VII claim with the EEOC to be considered as an effective filing with the corresponding state agency, and vice versa. *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 643 (7th Cir. 2004). However, courts have relied on the Seventh Circuit's conclusions that a plaintiff's "untimely filing with the IDHR bars suit under Title VII." *Haag v. Bo. of Educ.*, 655 F. Supp. 1267, 1270 (N.D. Ill. 1987) (referring to *Martinez v. United Auto., Aerospace & Agric. Implement Workers of Am., Local 1373*, 772 F.2d 348, 352 (7th Cir. 1985).

Here, Plaintiff must have filed his EEOC charge either 180 days after the discrimination, or if a timely state claim was filed, 300 days after the discrimination. Plaintiff never filed an EEOC charge. Instead he maintains that under Illinois workshare program, his IDHR charge that was filed within the 300 day extension time period effectively filed a timely charge with the EEOC. Espinoza is mistaken. In order to be entitled to file an EEOC within 300 days of the discrimination, a party must have first filed a timely complaint with a state agency. Espinoza did not do this. He filed with the IDHR on September 9, 2002, which was 229 days after the alleged discrimination. For Plaintiff's IDHR charge to have been considered an effective EEOC charge, Plaintiff would have had to file a state charge by July 22, 2002, or a charge directly with the EEOC by November 19, 2002.

Espinoza failed to meet the statutory requirements that would provide him with an extension to file with the EEOC. Thus, Plaintiff's discrimination claims are time barred for failure to comply with the statutory filing requirements.

However, Plaintiff argues that his claim may have accrued at a later date under the discovery rule and equitable tolling theories, thereby rendering his charges timely. Under the discovery rule, the statute of limitations does not begin to run until a plaintiff is aware of his injury, as opposed to the date the injury occurred. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1991). Under the doctrine of equitable tolling, however, the statute of limitations immediately stops from running even if it has already begun to expire. *Id.* Equitable tolling often occurs when the defendant actively tries to prevent the plaintiff from filing a timely suit by interfering or knowingly misleading a plaintiff. *Id.* The doctrine of equitable tolling is not appropriate where a plaintiff could have been aware that it was possible that he was fired in violation of the law. *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir. 1994) (stating that "[e]quitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim.")

As illustrated throughout his complaint, Plaintiff was aware of the improper nature of his supervisor's conduct. He alleges no facts to indicate that there was any question as to whether he was aware of his injuries or when they occurred. In fact, he alleges that the injuries were continual up to and including his termination on January 23, 2002. Furthermore, Plaintiff does not allege any facts that show Defendant prevented him from filing his charge by July 22, 2002, nor does he claim Defendant knowingly misled him. Therefore, we believe the discovery rule and the equitable tolling doctrine cannot be applied to the instant case.

Defendant also contends that the 42 U.S.C. 1981, 28 U.S.C. § 1658, and 28 U.S.C. § 1343 claims should be dismissed because Plaintiff has not sufficiently alleged such claims. We need not address whether the complaint sufficiently alleges racial discrimination, or whether Plaintiff sufficiently establishes that there was a civil action arising under an act of Congress or that the injuries were caused by the United States or an entity acting under of the color of any state law, as indicated by these statutes. Based on our decision, any additional allegations in Plaintiff's complaint will likewise be considered as untimely.

## Conclusion

Based on the foregoing, Defendants Rule 12(b)(6) motion to dismiss Plaintiff's complaint is granted. Defendant's alternative motion for summary judgment is dismissed as moot.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: **JUN 2 0 2005**